## Thorn & McGrath *v.* J. J. Tyson.

Where a creditor has the thing on which he has a privilege in his own possession, the action to enforce the privilege must be brought before the Judge having jurisdiction over the place where the debtor has his domicil or residence. In such a case the creditor can take the thing pledged to the domicil of the debtor and there enforce the privilege. The question of jurisdiction is to be governed by Articles 162, 163, 164, 165 of the Code of Practice, and does not fall within the exception established by the case of *Henning* v. *Steamer Helena*, 5 Ann. 349.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Goold & Stansbury*, for the plaintiff and appellant, cited *Henning* v. *Steamer Helena*, 5 Ann. 349. *Chilton*, for defendant.

SLIDELL, C. J. (VOORHIES, J., absent.) The petition which was filed in May, 1853, alleges that plaintiff is holder of two notes made by the defendant, and payable in New Orleans, one first May, 1853, and the other first May, 1854, the first of which has been protested; that the defendant in order to secure the payment of these notes executed in Mississippi an instrument, styled in the petition a private act of pledge, by which he pledged to plaintiff as collateral security for said payment, a note made by *Mary Kilborn*, in Louisiana, due in November, 1855, for $3257 14.

The suit is brought in the Third District Court of New Orleans; the defendant is stated to be a resident of the parish of Tensas; and the prayer is that he be cited to show cause why a judgment should not be rendered, ordering a Sheriff's sale of the *Kilborn* note for a sufficient amount in cash to pay the amount of the matured note, and on a credit for the amount of the note unmatured.

In the writing annexed to the petition it is expressed that *Tyson* assigns to plaintiff the note of Mrs. *Kilborn*, payable in November, 1855, bearing mortgage on lands and slaves in the parish of Tensas, " to be held as collateral security until each of the following notes of mine is paid in full:—Note for $908 93 and interest, payable 1st May, 1852; $908 94 payable 1st May, 1853; $908 94 payable 1st May, 1854."

The defendant excepted to the suit on the ground that he resided in the parish of Concordia, and was not liable to be sued elsewhere, and that there was nothing alleged in the petition which entitled plaintiffs to bring their suit in New Orleans. He prayed that the exceptions be sustained and for general relief. The court rendered a judgment as in case of nonsuit, and the plaintiffs have appealed.

Our impression is, it is a sufficient reason for not disturbing the judgment, that according to the intention of the parties, as deducible from the language of the agreement, it was not contemplated that the plaintiffs should have the right of causing the collateral note to be sold, as prayed for, on the maturity of

McGRATH
*v.*
TYSON.

the first note. We think this construction is especially proper when it is considered the contract was made in Mississippi.

My brethren, however, prefer, in consequence of this construction of the defendants' plea, to put the affirmance on the ground that the defendant had the right to be sued at his domicil in Concordia; that the case does not fall within the exceptions enumerated in the Code of Practice to the general rule, that "in civil matters one must be sued before the Judge having jurisdiction over the place where he has his domicil or residence." See C. P. 162, 163, 164, 165; and that this case does not fall within the exception recognized in *Henning* v. *Steamer Helena*, because here the thing on which the creditor has a privilege is in his own possession, and he can take it with him to the parish of Concordia, there to have the privilege enforced in a suit against the defendant.

It is therefore decreed that the judgment of the District Court be affirmed with costs.